UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYSON J. SPRING,<br><br>            Appellant,<br><br>  v.<br><br>MARC L. ROUSSO,<br><br>            Appellee. | Case No. 08-CV-00004<br><br>ORDER GRANTING PLAINTIFF/CREDITOR'S MOTION TO DISMISS DEFENDANT/DEBTOR'S APPEAL |

      This matter comes before the Court on Plaintiff/Creditor's Motion to Dismiss. (Dkt. No. 2.) After reviewing the moving papers, Defendant/Debtor's Opposition (Dkt. No. 5), Plaintiff/Creditor's Reply (Dkt. No. 7), and all papers submitted in support thereof, the Court GRANTS Plaintiff/Creditor's motion. The Court's reasoning is set forth below.

**Background**

      Defendant Tyson Spring sought Chapter 7 bankruptcy protection in the Western District of Washington on September 14, 2006. (Smith Decl., Ex. 1 at 4.) Plaintiff Marc L. Rousso filed adversary proceedings in January of 2007. (Id.) June 14, 2007, the Bankruptcy Court denied Defendant's Motion to Stay. (Pl. Motion to Dismiss, Ex. C, pp. 9-10.) Defendant's Motion for Reconsideration was denied June 28, 2007. (Id. at 14.) On August 17, 2007, Plaintiff filed a Motion for Summary Judgment. (Smith Decl. Ex. 1, pp. 1-9.) On November 30, 2007, the Honorable Samuel J. Steiner approved Plaintiff's proposed order granting summary judgment. (Smith Decl., Ex. 9, pp. 163-65.) Defendant's Notice of Appeal was filed December 31, 2007. (Pl. Motion to Dismiss, Ex. B, pp. 1-2.) Plaintiff moves to dismiss Defendant's appeal as untimely. (Dkt. No. 2.)

ORDER — 1

**Discussion**

I. Timely Filing for Bankruptcy Appeals

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The requirement of timely filing is strictly construed and failure to do so will "[deprive] the district court of jurisdiction to review the bankruptcy court's order or judgment." In re Souza, 795 F.2d 855, 857 (9th Cir. 1986) (citations omitted). In the immediate case, Defendant filed his Notice of Appeal on December 31, 2007, 31 days after the Bankruptcy Court granted Plaintiff's summary judgment motion on November 30, 2007, and nearly 200 days after the denials of his Motion to Stay and Motion for Reconsideration. His appeal is therefore untimely.

II. Excusable Neglect

However, the Bankruptcy Court may extend the time for filing the notice of appeal under F.R.B.P. 8002(c)(2), which states that

> [a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Defendant argues that the Court should not dismiss his appeal for failing to timely file because his failing to docket the appeal "under the unique 10-day time period applicable to bankruptcy cases" constitutes excusable neglect. (Def. Opposition at 3.) Specifically, Defendant argues that "[t]hrough excusable neglect, the case was docketed as a civil appeal with a 30-day time to appeal instead of as a bankruptcy appeal[.]" (Smith Decl. ¶ 11.)

Defendant's argument is unconvincing because, first, he has not properly complied with the filing requirements of F.R.B.P. 8002(c)(2), and second, he fails to make a substantive showing of excusable neglect. As stated above, F.R.B.P. 8002(c)(2) requires that the moving party make a written motion requesting the time extension, which is limited to 30 days total from the date of the judgment, order, or decree. Not only has Defendant failed to make a written motion

ORDER — 2

requesting an extension and demonstrating excusable neglect within the time frame required, he has failed to make such a motion to the present day, over four months from the date of the summary judgment order.

Second, Defendant has not met his burden of presenting facts demonstrating excusable neglect. See In re Cahn, 188 B.R. 627, 631 (9th Cir. 1995). The Supreme Court established a four-part equitable balancing test for determining excusable neglect in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, including the consideration of (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay and whether it was in the control of the party; and (4) the good faith of the moving party. 507 U.S. 380, 394-95 (1993). The Ninth Circuit has expressly adopted the Pioneer analysis in determining excusable neglect under 8002(c). In re Warrick, 278 B.R. 182, 185 (9th Cir. 2002). The factors identified in Pioneer are non-exclusive, and "the court is permitted to take 'account of all relevant circumstances surrounding the party's omission' in making an equitable determination." In re Rebel Rents, Inc., 326 B.R. 791, 803 (C.D. Cal. 2005) (citation omitted).

Defendant has not met his burden. First, the requirements specified in F.R.B.P. 8002 are clear and unambiguous, and a misreading of those requirements is not a valid reason for delay. Although Pioneer abrogated a per se rule against finding excusable neglect in this context, the Court also reaffirmed that "ignorance of the rules [and] mistakes construing the rules do not generally constitute 'excusable' neglect[.]" 507 U.S. at 392. Unlike the rules at issue in Pioneer, which the Court thought contained a "dramatic ambiguity," id. at 386-87, the requirements of F.R.B.P. 8002 are not ambiguous. See also Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994) (misconstruction of non-ambiguous rules "not excusable.") As stated above, Defendant's only argument is that he relied on the general civil filing rules, and he makes no mention of misconstruing, or even reading, the Bankruptcy rules. (Def. Opposition at 3.) The Ninth Circuit has repeatedly held this to be insufficient to show excusable neglect. See Rebel

ORDER — 3

1  Rents, Inc., 326 B.R. at 806 (F.R.B.P. 8002's requirements "crystal clear" and the failure to read
2  and understand them is "inexplicable").

3      Furthermore, Defendant has shown a lack of good faith by not raising the excusable
4  neglect argument until his Response Brief, which was not filed until almost 30 days after the 30-
5  day extension time expired. See In re Casey, 198 B.R. 918, 925 (S.D. Cal. 1996) (lack of good
6  faith when plaintiffs first raised argument about misreading filing requirements in opposition brief
7  and waited almost 60 days to bring motion to extend). Therefore, because failing to follow
8  unambiguous rules is not excusable neglect, and failing to raise the excusable neglect argument
9  until well past the extension deadline demonstrates a lack of good faith, Defendant has not met his
10 burden.

**Conclusion**

Because Defendant/Debtor's appeal is untimely and because he has failed to comply with the requirements to extend the time for appeal under the Bankruptcy rules, the Court GRANTS Plaintiff/Creditor's motion.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated:  __March 10_____, 2008.

/s Marsha J. Pechman

Marsha J. Pechman
U.S. District Judge

ORDER — 4